COMMONWEALTH *vs.* ANDREW McGUIRE.

The jurat of a complaint made to the police court established in Taunton under *St.* 1858, c. 84, and the warrant issued thereon, may be signed by the justice of the court, and not by the clerk.

COMPLAINT to the police court of Taunton on *St.* 1855, *c.* 215, § 15, for unlawful sales of intoxicating liquors. The complaint was certified to be " received and sworn to before me, S. R. Townsend, Justice," and the warrant issued thereon ended thus: " Witness my hand and the seal of said court at Taunton, this second day of September, in the year of our Lord one thousand eight hundred and fifty eight.

" S. R. Townsend, Justice."

The defendant, being convicted in the police court, appealed to the court of common pleas, and in that court, before the jury were empanelled, moved that the complaint be quashed, because the person receiving it had no authority to do so; and also that the defendant might be discharged, because there was no proper warrant, issued by any competent authority, upon which he could be held. *Briggs*, J. overruled both motions; and the defendant, being convicted, moved in arrest of judgment on the same grounds; and, that motion also being overruled, alleged exceptions.

*C. I. Reed*, for the defendant. The police court of Taunton, established by *St.* 1858, c. 84, is a court of record. *Gladhill, petitioner*, 8 Met. 168. *Bannegan* v. *Murphy*, 13 Met. 251. Being a court of record, all processes issued by the court must bear teste of the first justice, and be signed by the clerk.

Const. of Mass. *c.* 6, art. 5. The acts of a justice of a court of record, in order to be binding, must be acts of the court and certified by the clerk. The justice of the police court of Taunton had no authority by his office to receive a complaint or sign a warrant. The complaint should have been addressed to and received by the court; and the oath should have been administered, and the jurat and warrant signed, by the clerk.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

BY THE COURT. The complaint was well sworn to before the justice of the police court. It might have been attested by the clerk, but the act was the act of the court. The statute to establish a police court in Taunton expressly provides that " either of the justices of said court may issue warrants in all proper cases." *St.* 1858, *c.* 84, § 4. *Exceptions overruled.*